# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

Plaintiff,

v.

Case No. 20-CV-852-JPS

PAUL KEMPER, MR. WELLS,
CAPTAIN CHAPMAN, SGT. NOEL,
C.O. TILLMAN, and MICHELLE
BONES,

**ORDER**

Defendants.

Plaintiff Terrance J. Shaw, an inmate confined at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), the Eighth Amendment, and the First Amendment were violated.[1] (Docket #1). Plaintiff has paid the full filing fee. This order screens Plaintiff's complaint and resolves his other pending motions.

## 1. SCREENING THE COMPLAINT

### 1.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are

---

[1]Although Plaintiff also referenced elder abuse laws in his complaint, he did not allege a cause of action for elder abuse or any facts that would support such a claim.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff is a prisoner at RCI, where the relevant events occurred. Plaintiff alleges that on June 13, 2018, while he was attempting to close his cell door following the morning count, Defendant Sergeant Noel ("Noel") came over the medical emergency speaker in his cell and told him to "hurry up and close [the] door." (Docket #1 at 2). Plaintiff responded, "I'm crippled and it takes me time to do it." Noel responded back, "No it don't." (*Id.* at 2–3). After the morning count was completed, Noel kept Plaintiff locked in his cell and would not buzz him out. (*Id.* at 3). Because Noel would not let Plaintiff out of his cell, he could not attend the law library during the first session. (*Id.*) Plaintiff alleges that Noel's actions on June 13, 2018, constitute a denial of his access to the court, in violation of the First Amendment. (*Id.*)

Later on June 13, 2018, Plaintiff sent a letter to Defendant Captain Chapman ("Chapman") regarding what occurred with Noel. (*Id.* at 2, 4). Additionally, Plaintiff provided Chapman with copies of his Health Services Unit file regarding his medical deficiencies and copies of specific pages from a Dane County, Wisconsin case, 17-CV-208. (*Id.* at 3–4). Plaintiff explained to Chapman that he was a qualified individual under the ADA and also explained what elder abuse was. (*Id.* at 4).

Plaintiff filed inmate complaint RCI-2018-15027 (no date of filing has been provided) regarding the June 13, 2018 incident of being kept in his cell by Noel. (*Id.*) Plaintiff alleged that Noel violated his legal due process and denied him access to the court. (*Id.*) Plaintiff further states that he sent a two-page letter to Chapman to resolve the issue, but Chapman refused to respond. (*Id.*) On July 19, 2018, Institution Complaint Examiner ("ICE") Michelle Bones ("Bones") rejected Plaintiff's complaint because it was filed beyond 14-calendar days from the date of the incident. (*Id.* at 5). Warden

Paul S. Kemper ("Warden Kemper"), the Reviewing Authority, also rejected the complaint for being beyond the time limit. (*Id.*)

Plaintiff further alleges that, on October 30, 2018, after he latched his cell door completely around 12:30 p.m., Noel came over the microphone and told him that he was on cell confinement until 2:30 p.m. (*Id.*) Plaintiff wrote to Chapman, Warden Kemper, and Security Director Wells ("Wells") regarding Noel's behavior that day. (*Id.*) Plaintiff contends that because he was on cell confinement he was caused unnecessary Eighth Amendment pain and suffering because he was not allowed to get ice for his knee, which he is medically allowed to get three times a day. (*Id.* at 5–6).

Plaintiff filed an inmate complaint regarding the October 30, 2018 incident (again no date of filing has been provided). On December 10, 2018, the ICE issued a receipt and assigned complaint number RCI-2018-25294. (*Id.* at 11). On January 8, 2019, ICE Bones dismissed Plaintiff's inmate complaint, finding it to have been untimely filed. Thereafter, her decision was affirmed by Warden Kemper.(*Id.*)

Plaintiff additionally alleges that as a result of his having filed inmate complaints, he was retaliated against by Noel, Chapman, and C.O. Tillman ("Tillman"). (*Id.*) Specifically, Plaintiff alleges that on November 7, 2018, Noel, Chapman, and Tillman moved him to the Jefferson Unit against his will, and if Plaintiff refused, he would be placed in segregation for refusing to move. (*Id.*) Plaintiff wrote a letter to Bones and Ms. Frazier regarding the incident the same day. (*Id.*)

On December 16, 2018, Plaintiff filed an inmate complaint regarding the November 7, 2018 incident. (*Id.* at 11). On December 21, 2018, the ICE issued a receipt for the inmate complaint and numbered it RCI-2018-26151. (*Id.* at 12). On January 14, 2019, ICE Bones rejected the complaint because,

once again, it was filed beyond the 14-calendar day limit. (*Id.*) Plaintiff appealed the rejection, and the rejection was upheld by Warden Kemper. (*Id.* at 13). Plaintiff alleges that Bones is "arbitrary and capricious in the use of her discretion" and that she "uses her discretion to accept complaints that lead to favorable outcomes for staff" and "reject complaints that are favorable outcomes for [Plaintiff]." (*Id.*)

### 1.3    Analysis

#### 1.3.1    Personal Involvement of Certain Defendants

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under Section 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* As explained below, several of the Defendants have no personal liability as related to Plaintiff's claims.

Plaintiff may not proceed on claims against Michelle Bones, whose only involvement was in the administrative inmate complaint process. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Bones did not ignore Plaintiff, and instead investigated his claims and acted accordingly. Plaintiff's disagreement with her decisions does not constitute a constitutional violation.

Additionally, Warden Kemper and Security Director Wells cannot be liable for the actions of other prison officials simply because Kemper is the Warden and Wells is the Security Director. Rather, each is responsible

only for his own conduct. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye"). Plaintiff has not alleged facts that would attach personal liability to Warden Kemper or Wells. Thus, Plaintiff will not be able to proceed on claims against them.

### 1.3.2    Access to Courts

Plaintiff asserts that Defendant Noel violated his First Amendment right to access the court, when Plaintiff was kept in his cell and missed one session in the law library. To be sure, Plaintiff enjoys a right of access to the courts; however, he must allege "some actual injury, such as the dismissal of a complaint or an inability to file a complaint at all." *Beese v. Todd*, 35 Fed. App'x 241, 243–44 (7th Cir. 2002); *Ortiz v. Downey*, 561 F.3d 664, 670–71 (7th Cir. 2009). Thus, a plaintiff seeking to proceed on an access-to-courts claim must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also Lehn v. Holmes*, 364 F.3d 862, 868–69 (7th Cir. 2004). Plaintiff has not stated *any* injury, or inability to file anything. He was locked in his cell, unable to attend one morning session in the law library. This allegation, without an actual injury, is insufficient to state an access-to-courts claim under the First Amendment.

### 1.3.3    Deliberate Indifference

Plaintiff's allegations invoke his rights under the Eighth Amendment, which secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain such a claim for deliberate

Case 2:20-cv-00852-JPS   Filed 03/30/21   Page 6 of 12   Document 11

indifference to a serious medical need in violation of the Eighth Amendment, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Deliberate indifference equates to intentional or reckless conduct, not mere negligence. *Berry*, 604 F.3d at 440. "Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference." *Id.* at 441. Additionally, to show that a delay in providing treatment is actionable under the Eighth Amendment, Plaintiff must also provide evidence that the delay exacerbated his injury or unnecessarily prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016).

Viewing the facts in a light most favorable to Plaintiff, the allegations against Defendant Noel regarding denying Plaintiff ice for his knees for one day do not rise to the level of a constitutional violation. *See Askew v. Davis*, 613 F. App'x 544, 548 (7th Cir. 2015) (one day delay in providing foot cream for diabetes was not deliberate indifference); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (removal of toenail without anesthetic did not constitute deliberate indifference). Therefore, Plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment.

### 1.3.4 Retaliation

To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in

the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "A prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). Additionally, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)).

The filing of a complaint, grievance, or lawsuit by a prisoner is activity protected under the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Plaintiff alleges that he was transferred from the cell he was in, to the Jefferson Unit, because of his First Amendment protected activity of filing inmate complaints regarding Noel's behavior. This suffices, at this juncture, to allow Plaintiff to proceed against Noel, Chapman, and Tillman on a claim for retaliation, in violation of the First Amendment, for Plaintiff's use of the prison grievance system.

### 1.3.5 Americans with Disabilities Act & Rehabilitation Act

Title II of the Americans with Disabilities Act "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability' on account of that disability," and it applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 206 (1998) (quoting 42 U.S.C. § 12132). To establish an ADA claim, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was

Case 2:20-cv-00852-JPS   Filed 03/30/21   Page 8 of 12   Document 11

'by reason of' his disability." *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12132).

The analysis under the Rehabilitation Act, 29, U.S.C. § 794, is essentially the same, except that the RA includes an additional element, requiring that the entity denying access receive federal funds. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (ADA and RA standards are "functionally identical"). To state a claim under the RA, a plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections ("DOC") denied him access to a program or activity because of his disability." *Jaros*, 684 F.3d at 671–72 (citations omitted).

Plaintiff's ADA and/or RA claim must be dismissed for the following reasons. First, because Defendants are all individual employees of the Wisconsin Department of Corrections, they are not subject to suit under the ADA or RA. Neither Title II of the ADA nor Section 504 of the RA permit individual capacity suits. *Jaros*, 684 F.3d at 670 ("[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA."); *Barnes v. Young*, 565 F.App'x 272 (4th Cir. 2014) ("Title II of the ADA does not provide for individual capacity suits against state officials.") (internal quotation marks and citations omitted); *Badillo v. Thorpe*, 158 F.App'x 208, 211 (11th Cir. 2005) ("[T]here is no individual capacity liability under Title II of the ADA or RA."); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("Neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials.").

Second, Plaintiff fails to state an ADA and/or RA claim because he was not denied "the benefits of the services, programs, or activities of a

public entity" and the DOC did not "den[y] him access to a program or activity because of his disability." Plaintiff has not alleged that he was denied any benefits, services, or programs because of his disability. Thus, because Plaintiff was not denied a benefit under the ADA or RA, he has failed to state a claim for a violation of either.

**2.      MISCELLANEOUS MOTIONS**

Plaintiff filed a motion for leave to proceed without prepayment of the filing fee on June 18, 2020. (Docket #6). Because Plaintiff had paid the full filing fee three days earlier, this motion will be denied as moot. Further, Plaintiff's motion to withdraw magistrate judge consent, (Docket #8), will be denied without prejudice. Defendants have yet to be served in this case, and therefore, this case remains before the assigned district judge.

**3.      CONCLUSION**

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Retaliation, in violation of the First Amendment, by Defendants Sergeant Noel, Captain Chapman, and C.O. Tillman for moving Plaintiff to a different cell against his will on November 7, 2018.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #6) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw magistrate judge consent (Docket #8) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Paul S. Kemper, Security Director Wells, and Michelle Bones be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Sergeant Noel, Captain Chapman, and C.O. Tillman;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2021.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge