# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>                Plaintiff,<br><br>v.<br><br>BRIAN CHAPMAN, TONYEKA NOEL, and TODD THILLEMANN,<br><br>                Defendants. | Case No. 20-CV-852-JPS<br><br>**ORDER** |

      This case comes before the Court on Terrance J. Shaw's ("Shaw") motions concerning his time to appeal. ECF Nos. 43, 47. Herein, the Court uses its best efforts to produce the timeline of events.

      On June 5, 2020, Shaw filed the present action, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, the Eighth Amendment, and the First Amendment. ECF No. 1. Thereafter, on March 30, 2021, the Court screened the complaint pursuant to 28 U.S.C. § 1915A and determined that Shaw could proceed on his First Amendment claim. ECF No. 11. The case proceeded to dispositive motions.

      On May 28, 2021, Defendants filed a motion for summary judgment on exhaustion grounds. ECF No. 18. While the Court took that motion under consideration, on September 10, 2021, the Court received a notice of change of address from Shaw. ECF No. 34. Therein, he provided an address in LaCrosse, Wisconsin (the "La Crosse Address"). *Id.* On November 16, 2021, when the Court granted Defendants' motion for summary judgment and dismissed Shaw's case for failure to exhaust, the Clerk of Court mailed a copy of the Court's order and judgment to the La Crosse Address—the then-most-recent address provided by Shaw to the Court. *See* ECF Nos. 35,

36 (noting "cc: all counsel and mailed to pro se party," in the docket text); 34.

Nearly two months later, on January 14, 2022, the Court received Shaw's request for a copy of the dismissal order and judgment. ECF No. 37. In his request, Shaw indicated a new address in the upper left corner (as well as on the envelope containing the request) in Onalaska, Wisconsin (the "Onalaska Address"). *Id.*; ECF No. 37-1. He stated that he learned about the Court's decision from a third party. ECF No. 37. He expressed concern about whether his time to appeal had expired. *Id.* The Clerk of Court immediately mailed Shaw copies of the order and judgment, likely to the Onalaska Address. ECF No. 37 (noting "Clerk sent copies of [ECF Nos.] 35 and 36 via USPS to pro se Plaintiff on today's date," in the docket text).[1] On January 26, 2022, Shaw filed his notice of appeal. ECF No. 38. At the same time, he filed a notice of address change, listing the La Crosse Address as

---

[1] It is most likely that the Clerk of Court mailed these items to the Onalaska Address. On December 6, 2021, in Case No. 21-CV-49, ECF No. 8, Shaw submitted a change of address, providing the Court with the Onalaska Address. Typically, when a prisoner with multiple cases updates his address in one case, the Clerk of Court updates his address in all of his cases. Background data in the Court's docketing system shows a change of address was made in Shaw's cases the next morning, December 7, 2021; given the timing, this likely updated his address to the Onalaska Address. Background data shows that the next change of address was not made in Shaw's cases until January 27, 2022—the day after the Court received Shaw's notice of address change back to the La Crosse Address. ECF No. 39 at 1. Background data then indicates that his address was changed again on February 25, 2022, likely in response to Shaw's letter in his other cases indicating the Onalaska Address. *See, e.g.*, 21-CV-636, ECF No. 6.

There seems to have been much confusion as to Shaw's location. The Clerk of Court did its best to update Shaw's address as he informed the Court of changes, but Shaw alternated between the Onalaska and La Crosse addresses several times. Fortunately, as will be explained below, the precise timeline of address changes after November 16, 2021 does not matter. The Court mailed its order and judgment to Shaw on November 16, 2021 using his then-most-recently-provided address on file *in all of his cases*—the La Crosse address.

Page 2 of 7
Case 2:20-cv-00852-JPS   Filed 04/19/22   Page 2 of 7   Document 53

his most current address. ECF No. 39 at 1. Confusingly, this notice looks identical to the one filed September 10, 2021, but the envelope containing it listed the Onalaska Address as the return address. *Id.* at 2. When the Clerk of Court sent appeal-related documents to Shaw, the Clerk sent them to the La Crosse Address, as it still remained his official address on file with the Court in this case. *See* ECF No. 40.

Starting February 4, 2022, Shaw filed two motions concerning his failure to file a timely appeal. ECF Nos. 43, 47. In his first motion ("Motion for Excusable Neglect"), Shaw states that he was prevented from filing a timely appeal "by circumstances outside of his control." ECF No. 43 at 1. Shaw writes that, after being released from prison on September 7, 2021, he moved to his "temporary" address in La Crosse. *Id.* He then opened a P.O. box in La Crosse. *Id.* Finally, on October 20, 2021, he moved to his "permanent home," presumably in Onalaska (the Onalaska Address appears under Shaw's signature in this motion). *Id.* He states that this quick succession of address changes, along with the many holidays that followed, should compel the Court to equitably toll the appeal period. *Id.* at 1–2. Shaw cites the same reasons in his second motion ("Motion to Reopen the Time to File an Appeal"). ECF No. 47 at 1–2. Shaw also explains that he has been struggling with mild to moderate cognitive impairment for approximately a year. ECF Nos. 43 at 2, 47 at 2. He has provided the Court with copies of his medical records, which substantiate his statements. ECF No. 43-2 at 5–11. He states that he is having trouble "remembering and keeping track of [his] day to day thoughts." ECF No. 43 at 2. Defendants have opposed Shaw's motions. ECF No. 48.

Federal Rule of Appellate Procedure 4(a)(1)(A) provides litigants 30 days to file a notice of appeal after entry of the judgment or order that they

wish to appeal. Fed. R. App. P. 4(a)(1)(A). If a litigant misses this window, a court may extend the time to file a notice of appeal if the appealing party "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and the party shows "excusable neglect." Fed. R. App. P. 4(a)(5). Here, Shaw did not file his notice of appeal until January 26, 2020, 72 days after the Court entered its final order and judgment, and he did not file his first motion to extend until February 4, 2022. He missed both 30-day deadlines.

Pursuant to Federal Rule of Appellate Procedure 4(a)(6), a district court may reopen the time to file an appeal only if (1) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the judgment or order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after judgment is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d); and (3) there is no prejudice. The United States Supreme Court "has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal quotations and citations omitted). Rule 4(a)(6)'s 180-day and 14-day periods for filing a motion to reopen are mandatory and not susceptible to equitable modification. *Id.* at 214. Accordingly, Shaw's discussions of his cognitive confusion and address changes are unavailing. The Court must be satisfied that Shaw has timely appealed according to the letter of the rules.

As to elements one and two of Rule 4(a)(6), which discuss when a party receives "notice" of an appealable order or judgment, the Seventh Circuit has stated the following:

Page 4 of 7
Case 2:20-cv-00852-JPS   Filed 04/19/22   Page 4 of 7   Document 53

Appellate Rule 4(a)(6) does not mesh perfectly with Civil Rules 5(b) and 77(d). Rule 4(a)(6) talks of "receipt" of a document under Rule 77(d); but Rules 77(d) and 5(b) concern "service" rather than receipt. The committee notes to Rule 4(a)(6) show that it is designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service . . . . Until [a change in the rule in 2005,] notice from another litigant (written or oral) could prevent a litigant from obtaining extra time, even if the clerk never sent notice (or the mail went awry). The new language means that only notice under Rule 77 suffices. By saying that service is complete on mailing, Rule 5(b)(2)(C) tells us that the clerk's task is accomplished when the mail is turned over to the Postal Service; the clerk need not obtain a return receipt. This rule for what it means to "serve" a document does not tell us that service equals receipt; otherwise Rule 4(a)(6)(A) would have said "the court finds that the clerk did not serve notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment" rather than "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment" . . . . **[A] document is not "received" under Rule 4(a)(6) until it arrives at the litigant's address**.

*Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012) (emphasis added). Later in that opinion, the court reiterates its "conclusion that a document is 'received' when delivered to the *proper* address." *Id.* at 381 (emphasis added). Here, the Clerk of Court mailed copies of the Court's order and judgment to the La Crosse address as early as November 16, 2021, before there was indication in *any* of Shaw's cases in this District that he had moved to Onalaska. ECF No. 37. Thus, the Court must determine whether the La Crosse address was the "proper" address, even if he was no longer living there.

"Delivery to the address on file (the litigant's, or the litigant's lawyer's if the litigant is represented by counsel) is the normal meaning of

receipt in law." *Lim*, 683 F.3d at 381. On November 16, 2021, when the Court issued its order and judgment and mailed it to Shaw, the address it had on file for Shaw was the La Crosse Address. This was the address that Shaw provided to the Court on September 10, 2021. ECF No. 34. Unlike his later filings that contained both the La Crosse Address and the Onalaska Address in passing, *see, e.g.*, ECF Nos. 39, 39-1, the September 20, 2021 notice of change of address contained only the La Crosse Address, both in the notice and on the envelope. It appears that Shaw had moved to Onalaska by the time the Court issued its order and judgment, but the onus was on Shaw to timely inform the Court of this change. *See Lim*, 683 F.3d at 381 ("Plaintiff could have asked the Postal Service, or a friend, to forward his mail . . . furnished the district court with an address where mail would reach him while he was abroad . . . checked the district court's electronic docket . . . but he chose none of them."). The record in this case contains no mention of the Onalaska Address until January 14, 2022, and the record in all of Shaw's cases contains no mention of Onalaska until December 6, 2021. When the Clerk of Court mailed the order and judgment to Shaw on November 16, 2021, the La Crosse Address was Shaw's "address on file." Thus, Shaw received notice in November 2021. His attempts to appeal the Court's order and judgment and to reopen the time to appeal are untimely.

As discussed by the Supreme Court in the *Bowles* decision, "[i]f rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits." *Bowles*, 551 U.S. 205, 214. However, the Court must follow jurisdiction rules closely and without exception. Further, Shaw is a prolific litigator in this Court: he is well aware of the importance of promptly updating the Court with address changes and the potential

consequences of failing to do so. The Court will deny Shaw's motions regarding his time to appeal, ECF Nos. 43, 47. Given that this case can no longer proceed, the Court will also deny as moot Shaw's motion to appoint counsel, ECF No. 44, but will grant his request for a protective order insofar as it relates to access to medical records attached to his motion for excusable neglect, ECF No. 43-2.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for excusable neglect and to reopen the time to file an appeal, ECF Nos. 43, 47, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 44, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff's request for a protective order, ECF No. 44, is **GRANTED** insofar as it relates to medical records submitted with his motion for excusable neglect. The Clerk of Court shall restrict access to the filing at ECF No. 43-2 to the Court and case participants.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge