# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

    Plaintiff,

v.

BRIAN CHAPMAN, TONYEKA NOEL, and TODD THILLEMANN,

    Defendants.

Case No. 20-CV-852-JPS
7th Circuit Case No. 22-1134

**ORDER**

    This case comes before the Court on remand from the Seventh Circuit Court of Appeals for a ruling on Plaintiff Terrance J. Shaw's request to extend the time of appeal, timely filed on January 14, 2022. ECF No. 54.

    On May 28, 2021, Defendants filed a motion for summary judgment on exhaustion grounds. ECF No. 18. While the Court took that motion under consideration, on September 10, 2021, the Court received a notice of change of address from Shaw. ECF No. 34. Therein, he provided an address in LaCrosse, Wisconsin (the "La Crosse Address"). *Id.* On November 16, 2021, when the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's case for failure to exhaust, the Clerk of Court mailed a copy of the Court's order and judgment to the La Crosse Address—the then-most-recent address provided by Shaw to the Court. *See* ECF Nos. 35, 36 (noting "cc: all counsel and mailed to pro se party," in the docket text); 34. The order was not returned as undeliverable.

    Nearly two months later, on January 14, 2022, the Court received Plaintiff's request for a copy of the dismissal order and judgment. ECF No. 37. In his request, Plaintiff indicated a new address in the upper left corner (as well as on the envelope containing the request) in Onalaska, Wisconsin.

*Id.*; ECF No. 37-1. He stated that he learned about the Court's decision from a third party. ECF No. 37. He expressed concern about whether his time to appeal had expired. *Id.* Importantly, the Seventh Circuit Court of Appeals found the January 14, 2022 request to be a timely motion under Federal Rules of Appellate Procedure 4(a)(5). ECF No. 54.

Federal Rule of Appellate Procedure 4(a)(1)(A) provides litigants 30 days to file a notice of appeal after entry of the judgment or order that they wish to appeal. Fed. R. App. P. 4(a)(1)(A). If a litigant misses this window, a court may extend the time to file a notice of appeal if the appealing party "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and the party shows "excusable neglect." Fed. R. App. P. 4(a)(5).

"The standard for reviewing whether neglect [is] 'excusable' is an equitable one, taking into consideration relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). "The term 'excusable neglect' as used in rule 4(a)(5) refers to the missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Id.* A litigant's "unfamiliarity with or misunderstanding of the federal rules, except in rare instances, is generally not excusable neglect under Rule 4(a)(5)." *Varhol v. Nat'l R.R. Pass. Corp.*, 909 F.2d 1557, 1563 (7th Cir. 1990); *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 213 (9th Cir. 1990) (holding that an attorney's mistake in determining the notice of appeal filing deadline did not constitute excusable neglect under Appellate Rule 4); *Midwest Employers Cas. Co. v.*

*Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (holding that an attorney's mistake in reading the rules of procedure did not constitute "excusable neglect," even if such a stringent holding might result in "trap[s] for the unwary.").

Here, Plaintiff timely filed his motion to extend the time to appeal, and the only question is whether he meets the standard for excusable neglect. Plaintiff indicates that, at the time of his motion, he had not received a copy of the Court's dismissal order. He states that he is ignorant of the law, was recently released from incarceration after 40 years, and has been diagnosed as having short-term memory loss and is on the cusp of dementia. The Court finds that Plaintiff's circumstances, taken as a whole, constitute excusable neglect. As such, the Court will grant Plaintiff's motion to extend the time to appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time to file an appeal, ECF No. 37, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge